**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36448**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 476 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 21, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MANUEL RODRIGUEZ, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Judgment of conviction and unified life sentence, with minimum period of confinement of eleven years, for robbery and being a persistent violator, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

---

MELANSON, Judge

Manuel Rodriguez appeals from his judgment of conviction and sentence for robbery with a persistent violator enhancement. Specifically, Rodriguez challenges the district court's order denying his motion to suppress and argues that his sentence is excessive. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

An officer was dispatched to a convenience store early one morning to investigate an armed robbery. The store clerk told the officer that a male entered the store, displayed a silver handgun, and demanded that the clerk give him the money in the cash register. After he took the money out of the register, he made the clerk go to the back of the store, at which time he left the store with over $200. The clerk described the person who robbed the store as a six-foot tall Hispanic male, who weighed up to 200 pounds and was approximately eighteen to twenty-five

1

years old. The clerk told the officer that the assailant was wearing a white, hooded sweatshirt; a black knit stocking cap; and a black coat with white stripes on the sleeves.

Upon further investigation, the officer identified Rodriguez as a possible suspect. Five days after the robbery, the officer presented the clerk with a photo lineup that included a photo of Rodriguez and five other Hispanic males. After a few minutes, the clerk identified Rodriguez as the person who robbed the convenience store at gunpoint. Rodriguez was charged with robbery, I.C. §§ 18-6501, 18-6502, with a persistent violator enhancement, I.C. § 19-2514. Rodriguez filed a motion to suppress the clerk's identification, which the district court denied. At trial, the clerk testified that Rodriguez robbed the convenience store. A jury found Rodriguez guilty of robbery and found that he was a persistent violator. The district court sentenced Rodriguez to a unified term of life imprisonment, with a minimum period of confinement of eleven years. Rodriguez appeals.

## II.

## ANALYSIS

### A.    Motion to Suppress

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

Rodriguez argues that the district court erred in denying his motion to suppress because the photo lineup was impermissibly suggestive and violated his right to due process. A defendant's right to due process is implicated when an in-court identification is tainted by an out-of-court identification that is so suggestive that there is a very substantial likelihood of misidentification. *State v. Sanchez*, 142 Idaho 309, 321, 127 P.3d 212, 224 (Ct. App. 2005). Idaho courts have applied this test as a two-step process. *Schevers*, 132 Idaho at 788, 979 P.2d at 661. First, we consider whether the out-of-court identification procedure was suggestive based on the totality of the circumstances. *State v. Alger*, 115 Idaho 42, 44, 764 P.2d 119, 121 (Ct.

App. 1988). If the procedure was suggestive, we then consider whether other factors demonstrate that the identification was nonetheless reliable. *State v. Hoisington*, 104 Idaho 153, 162, 657 P.2d 17, 26 (1983). So long as the reliability of the identification outweighs the corrupting effect of suggestive procedures, the admission of the identification will not violate due process. *Id.*

Rodriguez argues that the photo lineup was impermissibly suggestive for two reasons. First, Rodriguez asserts that his photograph was off-center, making it stand out more than the other suspect photographs. The district court determined that the photo lineup presented to the clerk contained six photographs, all of which were of Hispanic males of about the same height, weight and build and who were dressed similarly. However, the district court also found that Rodriguez's photo was slightly off-center, which was suggestive at a "very, very minimal level." Relying on this Court's decision in *State v. Haggard*, 119 Idaho 664, 666, 809 P.2d 525, 527 (Ct. App. 1991), the district court held that a lineup composed of different individuals will necessarily include certain differences. For instance, the district court determined that one of the suspects in the lineup had a noticeably darker complexion; yet, the store clerk still identified Rodriguez as the assailant. At the hearing on the motion to suppress, the clerk testified that Rodriguez's photo stood out because "he was at the robbery." The clerk identified Rodriguez just five days after the robbery and did so after only a few minutes of looking at the photo lineup. Based on the totality of the circumstances, the district court found that the lineup was not impermissibly suggestive. Therefore, the district court's findings are supported by substantial evidence.

Despite the district court's conclusion that the lineup was not impermissibly suggestive, the district court also performed step two of the due process inquiry--whether the identification was reliable despite a suggestive circumstance. *See Hoisington*, 104 Idaho at 162, 657 P.2d at 26. To determine the reliability of a suggestive identification, a court must evaluate the totality of the circumstances through consideration of five factors: the opportunity of the witness to view the criminal at the time of the crime; the witness's degree of attention; the accuracy of his or her prior description of the criminal; the level of certainty demonstrated at the identification; and the length of time between the crime and the identification. *Id.*

The clerk testified that she was less than five feet away from the person who robbed the store and that she was able to get a close look at his facial features. The clerk also testified that

the assailant was not wearing a mask and his features were visible to her during the robbery. In addition, the clerk's description of the perpetrator was consistent with Rodriguez's appearance and build. Further, the clerk testified at the hearing that she was sure that Rodriguez was the man who robbed the store. The officer who was present during the out-of-court identification also testified that, during the lineup, the clerk was positive about her identification of Rodriguez. Finally, the clerk and the officer testified that the clerk viewed the photo lineup just five days after the robbery. As such, substantial evidence existed to support the district court's findings that, based on the totality of the circumstances, the clerk's identification of Rodriguez was sufficiently reliable.

Rodriguez also contends that, because the clerk initially chose two suspect photos from the lineup that resembled the assailant, the clerk impermissibly compared the two suspects and eventually settled on Rodriguez only because he looked the most like the perpetrator. This argument is unavailing. The clerk testified that she initially considered two photographs but, after mentally picturing each suspect wearing a hat, she identified Rodriguez as the assailant. Further, the clerk testified that she took only a few minutes to identify Rodriguez and was sure that Rodriguez committed the robbery. Moreover, the clerk previously declined to identify a different man as the assailant just hours after the robbery. As such, substantial evidence supports the district court's determination that the clerk's identification was reliable. Therefore, Rodriguez has failed to show that the district court erred in denying his motion to suppress.

Rodriguez also asserts that simultaneous photo lineups like the one used in this case (where the witness is presented with multiple suspect photographs at the same time) are inherently suggestive. Rodriguez contends that sequential lineups (where the witness is presented with one suspect photo at a time) are more consistent with due process because they are less likely to result in misidentification. While Rodriguez argued at the hearing on the motion to suppress that simultaneous photo lineups are less reliable than sequential lineups, Rodriguez did not present any evidence to support this argument. Further, Rodriguez does not argue on appeal that simultaneous photo lineups are unreliable as a matter of law. Rather, Rodriguez presents for the first time on appeal, as an attachment to his brief, a scholarly article detailing the results of a scientific study, asserting that sequential lineups are more reliable than simultaneous lineups. As mentioned above, the power to weigh evidence and draw factual

4

inferences is vested with the district court. *Valdez-Molina*, 127 Idaho at 106, 897 P.2d at 997; *Schevers*, 132 Idaho at 789, 979 P.2d at 662.

## B. Sentence Review

Finally, Rodriguez argues that his sentence is excessive. An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

## III.

## CONCLUSION

The district court's finding that the lineup was not impermissibly suggestive was supported by substantial evidence. In addition, the district court's finding that the identification was reliable was also supported by substantial evidence. Accordingly, Rodriguez has failed to show that the district court erred in denying Rodriguez's motion to suppress. Further, the district court did not abuse its discretion because the sentence imposed was not excessive. Therefore, Rodriguez's judgment of conviction and sentence are affirmed.

Chief Judge LANSING and Judge GRATTON, **CONCUR.**